**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GWENDOLYN CHUBB**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 4512 |
| | ) | |
| **TOM DART,** etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Gwendolyn Chubb ("Chubb") has utilized the Clerk's-Office-generated printed form of Complaint for Violation of Constitutional Rights to sue Cook County Sheriff Tom Dart and Security Chief Ed Carik ("Carik"), the latter "in his official capacity of the Public Building Commission," charging each with an asserted violation of her claimed First Amendment right to use a video recording device in the Daley Center courthouse in Chicago. According to Chubb's Complaint ¶ 10, she is "a reporter for Quennect 4 Radio-AM 1680 and a reporter for Chicago Independent Television which airs on CAN-TV."

Except for matters discussed briefly hereafter, this Court expresses no view as to the viability or nonviability of Chubb's constitutional claim, leaving that for future development. Instead it deals with a couple of procedural matters. First, this Court finds that Chubb's accompanying In Forma Pauperis Application ("Application") adequately demonstrates her inability to pay the $400 filing fee, so that the Application is granted. In addition, her contemporaneously presented Motion for Attorney Representation ("Motion")[1] shows that she made an appropriate effort to obtain counsel on her own as required by our Court of Appeals, so

---

[1] Both the Application and the Motion have also been tendered on Clerk's-Office-supplied printed forms.

that the Motion is also granted -- and to that end, this Court has obtained a name of the following member of the trial bar who is designated to represent Chubb pro bono publico:

>	Jody A. Boquist
>	Littler Mendelson, P.C.
>	321 North Clark Street
>	Suite 1000
>	Chicago, IL 60654
>	(312) 372-5520
>	Email: jboquist@littler.com.

That said, it is not at all clear that Sheriff Dart is a proper defendant -- it would seem that Monell principles would most likely insulate him from what would appear to be respondeat superior liability at best. Accordingly he will not be treated as a viable defendant and need not be served unless and until Chubb's counsel may provide a plausible predicate for his inclusion as a defendant.

As for Carik, Chubb's reference to his being sued "in his official capacity" reflects a misunderstanding of that concept (not surprising where, as here, a nonlawyer is involved). Instead Chubb's narrative Affidavit attached to the Complaint identifies Carik (among others) as directly and personally involved in the activity that Chubb has characterized as a violation of her First Amendment Rights, so that he will be retained as the sole defendant at this time and must be served with process.

In that respect, this Court directs the Clerk of Court to issue a summons for service of the Complaint on defendant Carik and appoints the United States Marshals Service ("Service") to carry out such service. Chubb is notified that a completed USM-285 (Marshals Service Form) is required for defendant Carik and that the Service will not attempt to make the service unless and until that required form is received. Accordingly Chubb must complete a service form for Carik and return that form to the Clerk of Court within 35 days of the date of this order.

In carrying out its responsibilities in accordance with the preceding paragraph, the Service is directed to make all reasonable efforts to serve Carik. Before attempting personal service the Service is authorized to send a request for waiver of service to Carik in the manner prescribed by Fed. R. Civ. P. 4(d)(2).

In that regard, however, Chubb's designated counsel is invited to bring the action before this Court by noticing up a motion seeking an available alternative to service by the Marshals Service. Although this Court is contemporaneously issuing another memorandum order setting an initial status hearing some distance out to allow time for the service of process and responsive pleadings, the designated counsel is encouraged not to await that date before appearing in court as just invited.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 24, 2014